230 N.J. Super. 153 (1989)
553 A.2d 40
STATE OF NEW JERSEY, IN THE INTEREST OF B.F., A JUVENILE.
Superior Court of New Jersey, Appellate Division.
Submitted January 3, 1989.
Decided January 25, 1989.
*154 Before Judges SHEBELL, GRUCCIO and LANDAU.
Herbert H. Tate, Jr., Essex County Prosecutor, for appellant (Barbara A. Rosenkrans, Assistant Prosecutor, of counsel and on the brief).
*155 Schwartz, Pisano, Simon, Edelstein & Ben-Asher, for respondent (David H. Ben-Asher, on the brief).
Cary Edwards, Attorney General, submitted a brief on behalf of amicus curiae State of New Jersey (Janet Flanagan, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by SHEBELL, J.A.D.
The State of New Jersey appeals from an order of the Family Part denying the State's motion made pursuant to N.J.S.A. 2A:84A-32.4 to permit the two victims, ages 3 and 4 at the time of the alleged acts in 1987, to testify via closed-circuit television in the trial of B.F., 17 years of age at the time of the alleged acts, on charges of delinquency by conduct which if committed by an adult would constitute the crimes of aggravated sexual assault, sexual assault and endangering the children's welfare. We reverse.
The judge held a hearing to determine whether the requirements of N.J.S.A. 2A:84A-32.4 were satisfied. At the hearing the State presented testimony from two experts. The first was a licensed clinical psychologist specializing in the area of child sexual abuse and the other was a licensed psychologist, certified as a school psychologist by the State of New Jersey, who also worked and lectured in the area of child sexual abuse. The judge found that these witnesses were qualified and accepted them as experts in the field.
The Family Part judge filed a written opinion wherein he discussed the testimony of the two experts and observed:
Both psychologists are sincerely anxious about the stress of their respective complaining witnesses and sincerely of the belief that their testimony in the presence of the defendant would be detrimental. Whether their anxiety is the anxiety described by the statute and is enough to overcome the constitutional mandate of confrontation is the very question to be decided by this case. The Court must decide whose "distress" we are dealing with, the psychologists and parents or the distress of the children.
*156 However, he did not decide the question of whether the psychologists' testimony satisfied the statutory requirements because he was convinced that the "majority view"[1] in Coy v. Iowa, 487 U.S. ___, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988), precluded use of our New Jersey protective statute. The judge stated that Coy
holds paramount the right of confrontation over a child testifiers' right to the use of non-confrontational devices, which must include closed-circuit television. Nor does the majority opinion tolerate the right of cross-examination to substitute for face-to-face confrontation. Children are not spared, though they be "distressed" or "vulnerable."
N.J.S.A. 2A:84A-32.4, which permits the testimony of a witness 16 years of age or younger out of the view of the defendant, requires a specific determination "that there is a substantial likelihood that the witness would suffer severe emotional or mental distress if required to testify in open court." It further requires that "[t]he order shall be specific as to whether the witness will testify outside of the presence of spectators, the defendant, the jury, or all of them and shall be based on specific findings relating to the impact of the presence of each."
In State v. Davis, 229 N.J. Super. 66 (App.Div. 1988), we noted that:
While we do not at this time know if the United States Supreme Court will carve out any exceptions to the Confrontation Clause, we cannot say that the New Jersey statute requiring particularized findings falls within the absolute strictures of Coy v. Iowa. Unless and until either the United States or the New Jersey Supreme Court determines that Justice O'Connor was incorrect in assuming that our statute meets the minimum required constitutional protection, we determine that the procedures established by N.J.S.A. 2A:84A-32.4(b) are valid. [229 N.J. Super. at 75].
The Iowa statute called into question in Coy v. Iowa created a legislatively imposed presumption of trauma with respect to *157 certain youthful victims. Our statute does not. Justice Scalia pointed out in Coy that "there have been no individualized findings that these particular witnesses needed special protection ..." after cautioning that "something more than the type of generalized finding underlying such a statute is needed...." 487 U.S. at ___, 108 S.Ct. at 2803, 101 L.Ed.2d at 867. Justice Scalia noted with regard to the permissible limitations, if any, on the right to face-to-face confrontation that the Court would
leave for another day, however, the question whether any exceptions exist. Whatever they may be, they would surely be allowed only when necessary to further an important public policy. [Ibid.; citations omitted].
Indeed, the Coy Court left it to the court below to determine whether the violation of the Confrontation Clause was harmless beyond a reasonable doubt. Ibid.
Justice O'Connor, in her concurring opinion in Coy, joined in by Justice White, stated:
I wish to make clear that nothing in today's decision necessarily dooms such efforts by state legislatures to protect child witnesses. Initially, many such procedures may raise no substantial Confrontation Clause problem since they involve testimony in the presence of the defendant. See, e.g., Ala Code § 15-25-3 (Supp 1987) (one-way closed circuit television; defendant must be in same room as witness); Ga Code Ann § 17-8-55 (Supp 1987) (same); NY Crim Proc Law §§ 65.00-65.30 (McKinney Supp 1988) (two-way closed circuit television); Cal Penal Code Ann § 1347 (West Supp 1988) (same). Indeed, part of the statute involved here seems to fall into this category since in addition to authorizing a screen, Iowa Code § 910A.14 (1987) permits the use of one-way closed circuit television with "parties" in the same room as the child witness. [Id. 487 U.S. at ___, 108 S.Ct. at 2803-04, 101 L.Ed.2d at 868].
Justice O'Connor, while noting the preference for face-to-face confrontation at trial, stated that even if the right to physically face those who testify against a defendant is "at the `core' of the Confrontation Clause, [it] is not absolute, and I reject any suggestion to the contrary in the Court's opinion." Id. 487 U.S. at ___, 108 S.Ct. at 2804-05, 101 L.Ed.2d at 869. She further asserted, in concluding that the right to face-to-face confrontation at trial is not absolute, that "[t]he protection of child witnesses is, in my view and in the view of a substantial majority of the States ..." an important public policy which *158 "would permit use of a particular trial procedure that called for something other than face-to-face confrontation...." Ibid.
We are keenly aware that the right of an accused to be confronted with the witnesses against him is protected in this State by the Sixth Amendment of the United States Constitution through the Fourteenth Amendment and by the Constitution of New Jersey, Art. I, par. 10. State v. Washington, 202 N.J. Super. 187, 191 (App.Div. 1985). We are convinced, however, that if properly applied, the use of the alternative procedure authorized by N.J.S.A. 2A:84A-32.4 does not violate an accused's right of confrontation under either the United States or New Jersey Constitutions. See Washington, 202 N.J. Super. 187.
Our New Jersey statute specifically answers the question posed by the Family Part judge as to who must be considered with regard to the potential for harm if required to testify in open court. It must be shown that there is a "substantial likelihood" that the youthful witness "would suffer severe emotional or mental distress if required to testify in open court." It is only upon such a showing that the Legislature has concluded that the important right of a defendant to face-to-face confrontation may be considered outweighed by the State's interests in protecting the youthful witness.
Subsection c of the statute permits the application for testimony by closed-circuit television by the victim, the witness or by such persons' attorney or legal guardian or by the prosecutor, defendant or his counsel or the trial judge on the court's own motion. The statute is, however, silent with respect to the burden of proof or the standards by which the applicant must convince the court, i.e., "preponderance," "clear and convincing," or "beyond a reasonable doubt." See Evid.R. 1(4). We believe it is insufficient to merely state that the decision as to whether one is to be granted relief under the statute is in the sound discretion of the court.
*159 It is apparent that the burden of persuasion and the standard to which the moving party must be held may be substantially less where the accused is the moving party since he or she will, in effect, be waiving to a limited degree what would otherwise be scrupulous protection of the right to confrontation. Thus, if a defendant is able to persuade the court that prejudice will be suffered if the statutory procedures are not made available and the interests of justice are not impeded, a mere preponderance of the evidence should be the standard. Cf. State v. Williams, 93 N.J. 39, 70 n. 17 (1983).
On the other hand, where defendant objects to the alternative statutory procedure and insists upon the right to confront the witness face-to-face, the party seeking the statutory alternative should carry the burden of satisfying the statutory criteria by "clear and convincing" evidence. We hold that this conclusion necessarily follows because of the importance historically attached to face-to-face confrontation as documented by Justice Scalia in Coy, as well as, by reason of the Legislature's use of language which mandates that the criteria for application be substantial and "only if the court finds." (Emphasis supplied). The Legislature imposed the requirements of "specific findings;" "substantial likelihood;" and "severe emotional or mental distress." (Emphasis supplied). See also Santosky v. Kramer, 455 U.S. 745, 753, 102 S.Ct. 1388, 1394, 71 L.Ed.2d 599 (1982). Thus, the statutory alternative to face-to-face confrontation is not to be employed routinely or as a matter of course, but only in those cases where it is essential for the protection of the young witness.
We find it necessary to observe at this juncture that the hearing judge was concerned that both experts held the view "that all children under such circumstances would be under stress" by the very nature of the proceeding and the defendant's presence. (Emphasis in original). It may well be that many if not most psychologists and psychiatrists working in this field will be of the same view. This should not discredit their testimony or detract from the ability of such witnesses to *160 testify as to specific details concerning the individual youthful witness under consideration. Indeed, the witnesses here were able to particularize their testimony with respect to the two children notwithstanding their feelings that the statutory procedure should be applied universally to children of such age.
We reverse and remand to the Family Part for a determination as to whether the State has shown by clear and convincing evidence that either or both of the child witnesses satisfy the requirements of N.J.S.A. 2A:84A-32.4, and for such further proceedings as may be deemed necessary to determine the issue.
NOTES
[1] The opinion of Justice Scalia is a plurality and not a majority opinion in that he was joined only by Justices Brennan, Marshall and Stevens. Justices O'Connor and White joined in a separate concurring opinion, and Justice Blackmun and Chief Justice Rehnquist filed a dissenting opinion. Justice Kennedy took no part in the case.