231 N.J. Super. 124 (1989)
555 A.2d 35
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
RICHARD WILLIAM CRANDALL, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted February 14, 1989.
Decided March 9, 1989.
*126 Before Judges PRESSLER, SCALERA and STERN.
Robert L. Messick, attorney for appellant.
Donald R. Belsole, Acting Attorney General, attorney for respondent (Cherrie Madden Black, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by STERN, J.A.D.
Defendant was convicted of first degree aggravated assault, N.J.S.A. 2C:14-2a;[1] second degree sexual assault, N.J.S.A. 2C:14-2b; and endangering the welfare of a child, N.J.S.A. 2C:24-4a. He was sentenced to concurrent terms aggregating 17 years in the custody of the Commissioner of Corrections.[2] On this appeal defendant argues:
POINT I THE DEFENDANT'S RIGHT OF CONFRONTATION AS GUARANTEED BY THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE ONE, PARAGRAPH TEN OF THE NEW JERSEY CONSTITUTION IS VIOLATED BY THE IMPLEMENTATION OF THE PROCEDURES PROVIDED FOR IN N.J.S.A. 2A:8A-32.4.
POINT II THE TRIAL COURT'S DENIAL OF THE DEFENDANT'S REQUEST FOR A PSYCHIATRIC EXAMINATION OF THE ACCUSING WITNESS PRIOR TO ALLOWING HER CLOSED CIRCUIT TELEVISION TESTIMONY.
POINT III THE TRIAL COURT'S DENIAL OF THE DEFENDANT-MOTION TO DISMISS THE INDICTMENT FOR LACK OF SPECIFICITY AS TO THE DATES OF ALLEGED OFFENSE.
The facts clearly support the finding that defendant committed the offenses, and there is no issue directed to the weight or *127 sufficiency of the evidence. The principal issues before us relate to the manner in which J.V. was permitted to testify at trial.
We hold that defendant did not receive an adequate Evid.R. 8 hearing to assure that the requirements of N.J.S.A. 2A:84A-32.4 were satisfied, which would allow J.V., the victim who was seven years old when the events occurred and ten years old at the time of trial, to testify without face-to-face confrontation by the defendant.
Prior to trial the State made a motion to have the victim testify through the use of closed circuit television, pursuant to N.J.S.A. 2A:84A-32.4. Defendant, in response, made a motion for the victim to be examined by his psychiatrist for the purpose of determining whether, in fact, she would be traumatized by the experience of testifying about the abuse in open court. Defendant also argued that the statute itself which permits testimony by closed circuit television is unconstitutional.
The judge concluded that the statute was not unconstitutional. However, while originally indicating that he "would like to have a psychiatrist tell me whether or not he thinks bringing this child into this courtroom is going to harm her", the judge noted that the statute didn't require such an examination. The judge ultimately decided that he would hold a hearing in camera so that he could make a final determination as to whether an expert was actually needed.
The victim testified at an Evid.R. 8 hearing. She was in the jury room with defense counsel and the prosecutor while the judge and the defendant viewed the proceeding on closed circuit television.[3] J.V. stated that she was afraid to see defendant *128 because she had "heard he hurt a girl." She stated that she did not eat or sleep the night before the hearing and that she was afraid to go into the courtroom. When asked by defense counsel whether she was aware that what she said during the hearing would help the judge determine whether she had to testify in open court, she responded affirmatively.
J.V.'s mother testified that J.V.'s behavior became progressively worse as the date of trial neared. She insisted on sleeping with her mother and often cried through the night. The mother also testified that she believed her daughter "would clam up and say nothing" if she saw defendant.
On that basis the trial judge denied defendant's motion for a psychiatric evaluation and granted the State's motion for closed circuit television testimony of the victim at trial. In ruling on the motion the judge stated:
And I find here, as I said the other day, based on what the mother said, even though the mother said this child is not fearful of a courtroom atmosphere, she's afraid of him. She's going to start crying in his presence and she's already told us she didn't eat, didn't sleep when just being confronted with the possibility of trial coming up soon. So I find without question there would be substantial likelihood of severe emotional upset and psychological upset. And I simply find that there is nothing in the statute that requires any sort of psychiatric testimony. I repeat. We are not asking the Court to make a psychiatric finding as to a mental condition, whether the child suffered from a mental or an emotional disability or defect. What we're trying to decide is is she going to be upset if she were forced to testify in court. It's that narrow. And we have a lay witness telling us yes, she would be, not because of the courtroom but because of him.
N.J.S.A. 2A:84A-32.4 became effective April 11, 1985. It provides that a witness in a prosecution for crimes including aggravated sexual assault, sexual assault and child abuse may, on motion by defendant, the prosecutor, the court, the witness or the witness' parent or legal guardian, testify on closed circuit television at trial out of the presence of defendant and the jury provided certain conditions are met. N.J.S.A. 2A:84A-32.4(a). *129 In accordance with the statute, the court may issue an order for such a procedure only after conducting a hearing, N.J.S.A. 2A:84A-32.4(a), and finding that "the witness is 16 years of age or younger and that there is a substantial likelihood that the witness would suffer severe emotional or mental distress if required to testify in open court." N.J.S.A. 2A:84A-32.4(b). Further the court's order "shall be specific as to whether the witness will testify outside of the presence of spectators, the defendant, the jury, or all of them and shall be based on specific findings relating to the impact of the presence of each." N.J.S.A. 2A:84A-32.4(b). The statute also provides that "[t]he defendant's counsel shall be present at the taking of testimony in camera. If the defendant is not present, he and his attorney shall be able to confer privately with each other during the testimony by a separate audio system." N.J.S.A. 2A:84A-32.4(d).
Defendant argues that the fact that J.V.'s trial testimony was taken by the use of closed circuit television, pursuant to N.J.S.A. 2A:84A-32.4, violated his right of confrontation as guaranteed by the Sixth Amendment of the United States Constitution and Article I, Paragraph 10 of the New Jersey Constitution. He relies on Coy v. Iowa, 487 U.S. ___, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988), in which the Supreme Court reversed a conviction which had utilized a procedure authorized by an Iowa statute that permitted child victims of sexual abuse to testify from an adjacent room or from behind a screen. In the Coy trial the two thirteen-year-old victims testified from behind a screen in the courtroom. Defendant was able to see the outline of each witness as she testified, but neither witness was able to see defendant. The Supreme Court held that that procedure violated the defendant's Sixth Amendment right of confrontation. 487 U.S. at ___, 108 S.Ct. at 2802-03, 101 L.Ed.2d at 866.
The Iowa statute at issue in Coy did not require the court to make a finding that the individual witness would suffer trauma if required to testify in open court. The only conditions imposed *130 on the judge by the Iowa statute were that the child be under fourteen, that defendant be able to hear the testimony, that defendant and counsel be permitted to confer during the testimony, and that the witness be told that defendant "can see and hear the child during testimony." Id. 487 U.S. at ___, 108 S.Ct. at 2799-800, 101 L.Ed.2d at 862-63, n. 1. As Justice Scalia noted in Coy, the Iowa statute required "no individualized findings that these particular witnesses needed special protection...." Id. See also State in the Interest of B.F., 230 N.J. Super. 153, 156-58 (App.Div. 1989).
Our statute, however, differs from the Iowa statute because it requires a finding of "substantial likelihood that the witness would suffer severe emotional or mental distress if required to testify in open court." N.J.S.A. 2A:84A-32.4(b). Specific findings must be made by the trial judge, and in her concurrence in Coy, Justice O'Connor indicates that a "case-specific finding of necessity," 487 U.S. at ___, 108 S.Ct. at 2804-05, 101 L.Ed.2d at 869, is sufficient to permit the procedure under the confrontation clause.[4] As a result of such statutory findings, we recently concluded in State v. Davis, 229 N.J. Super. 66 (App.Div. 1988) that
Unless and until either the United States or New Jersey Supreme Court determines that Justice O'Connor was incorrect in assuming that our statute meets the minimum required constitutional protection, we determine that the procedures established by N.J.S.A. 2A:84A-32.4(b) are valid. Further, we find the "case-specific finding of necessity" noted by Justice O'Connor has been satisfied by the trial judge. [229 N.J. Super. at 75.]
See also State in the Interest of B.F., supra. We adhere to that position.
In State in the Interest of B.F., supra, we also recently held that where, as here, the defendant objects to the statutory *131 procedure "the party seeking the statutory alternative should carry the burden of the statutory criteria by `clear and convincing evidence.'" 230 N.J. Super. at 159. This burden was understandably deemed necessary "because of the importance historically attached to face-to-face confrontation ... as well as, by reason of the Legislature's use of language" in the statute. Id.
The trial judge here found "without question" that "substantial emotional upset" would result if he required J.V. "to testify in court". However, he made no specific findings, as required by the statute (as opposed to noting what the mother said) regarding severe distress which would result if J.V. testified in the presence of defendant, and it is a finding of that stress which is absolutely critical to support an exception to the generally required right of face-to-face confrontation. See State v. Bass, 221 N.J. Super. 466, 476 (App.Div. 1987). See also State v. Washington, 202 N.J. Super. 187, 191-92 (App.Div. 1985) (noting right of confrontation goes beyond right to be in the courtroom); State v. Sheppard, 197 N.J. Super. 411 (Law Div. 1984).[5] We therefore remand for further consideration of this issue.
Defendant also argues that the trial court improperly denied defendant's motion to have a psychiatrist examine J.V. in order to make an expert determination regarding whether or not she would experience emotional trauma if required to testify in open court. According to defendant, the procedure by which the judge made his determination that closed circuit television was necessary fell short of the statute's requirement that there be a finding that there was a substantial likelihood of emotional distress. Specifically, defendant claims that the trial judge could not adequately make a finding of necessity because, not only was he unqualified to determine the likelihood of emotional *132 distress, but he did not even question the witness himself. For some reason, the in camera hearing was itself conducted by way of closed circuit television out of the presence of the trial judge.
It is true, as the State argues, that normally before granting defendant's application for a psychiatric expert, "[t]he court must balance the possible emotional trauma, embarrassment, and intimidation to the complainant, particularly an extremely young child, against the likelihood that the examination will produce material, as distinguished from speculative, evidence." State v. R.W., 104 N.J. 14, 28 (1986). It is also true that N.J.S.A. 2A:84A-32.4 does not expressly require a psychiatric evaluation, or even expert testimony, and that the judge noted that factor in denying the application. However, R.W. did not consider the issue in the context of the statute or the right to confrontation. Rather, R.W. dealt with a request to examine a witness "based solely on her age", 104 N.J. at 27, and the Supreme Court found insufficient other reasons to justify the request, see id. at 27-31. Accordingly, the Supreme Court found no abuse of discretion when the trial court denied the request but left open the possibility for a further application after remand based on justifiable reasons with "evidence to support [the] request." 104 N.J. at 31.
We believe that, given the fact-finding required by the statute as well as the constitutional values involved, expert testimony may be warranted when defendant challenges utilization of the statutory procedure. Cf. State v. Bass, supra, 221 N.J. Super. at 475-76 (noting the testimony of two psychologists prior to the finding of psychological trauma); State in the Interest of B.F., supra at 159-60 (noting expert testimony). We do not now hold that expert testimony is required in all cases. However, we do hold that where defendant requests the opportunity to have an expert evaluation in advance of the statutory hearing, it must be granted in the absence of specific *133 reasons, which must be stated on the record by the trial judge, justifying denial of the application.[6]
We believe that the other grounds raised by defendant do not warrant discussion. R. 2:11-3(e)(2). However, because the trial judge must make appropriate findings under N.J.S.A. 2A:84A-32.4, we expressly disapprove of the judge's failure to be in the presence of the witness and counsel when the witness is testifying at the statutory hearing. Absent reasons to the contrary, however, we believe that the judge should generally remain with the jury when the statutory procedure is utilized during trial, provided that he can communicate with counsel and the witness in order to address the witness and entertain objections, as was done in this case. On the other hand, the defendant should not be compelled to remain in the courtroom while the jury is there observing the child's out-of-court testimony on a closed circuit monitor, because his presence may give rise to an inference that the witness cannot bear to face the defendant, or vice versa. The defendant should be given the choice of observing the closed circuit proceedings either from the courtroom or from another location and must be permitted to communicate directly by two-way telephone with his counsel.[7]See N.J.S.A. 2A:84A-32.4(d); see also State v. Bass, supra, 221 N.J. Super. at 476 (detailing procedure utilized). *134 While aspects of the procedure utilized in this case were questioned by defendant during trial, they are not urged as a basis for reversal before us, and we do not find them sufficient by themselves to warrant a new trial.
We remand to the trial court for a supplementary Evid.R. 8 hearing, directed to possible emotional or mental distress J.V. would have suffered if she had to confront defendant face-to-face at the time of trial. We are confident that, if necessary, expert testimony can be developed based on her condition at that time. If it cannot, that subject can be pursued in terms of whether a new trial is warranted. If such testimony can be developed, and the supplementary evidence, if any, combined with the prior testimony of J.V.'s mother results in clear and convincing proof that J.V. was properly permitted to testify at trial pursuant to N.J.S.A. 2A:84A-32.4, an order confirming the judgment of conviction shall be entered. If not, a new trial shall be ordered, but the State may appeal from such order without seeking further leave of this court. We do not retain jurisdiction.
NOTES
[1] There is no dispute that due to the victim's age the defendant was charged with violating N.J.S.A. 2C:14-2a(1). The jury was instructed under that subsection.
[2] The separate sentences were imposed after the judge indicated that the first and second and second and third counts involved "the same acts" and "merge." The issue is not raised before us but should be clarified on remand as there were separate sexual acts beyond the finger penetration.
[3] A similar procedure was utilized before the grand jury, and while it was attacked on motion to dismiss the indictment, it is not suggested as the basis for reversal before us. We do not consider the issue but merely observe that even incompetent evidence and evidence inadmissible at trial is admissible before a grand jury. See e.g., State v. Holsten, 223 N.J. Super. 578 (App.Div. 1988); State v. Schamberg, 146 N.J. Super. 559 (App.Div. 1977).
[4] Indeed, Justice O'Connor expressly cited N.J.S.A. 2A:84A-32.4(b) as an example of a state statute which required a sufficiently specific finding of necessity to pass muster under the Sixth Amendment's Confrontation Clause. See e.g., 487 U.S. at ___, 108 S.Ct. at 2804-06, 101 L.Ed.2d at 869-70. Justice White joined Justice O'Connor who also joined the six justice majority.
[5] We note the distinction between testifying in open court and testifying before the defendant.
[6] While we do not address the issue at present, in certain cases a court appointed or independent expert might well suffice as opposed to the need for multiple examinations and evaluations of the young victim by both parties.
[7] We do not now consider the possibility that defendant might prefer to have the witness testify in the courtroom and for him to remove himself therefrom. If defendant remains in the courtroom, the privacy and confidentiality of his communications with counsel must be assured, and he should not communicate with counsel in a manner so as to be heard by the jury. Because the issue is not before us, we do not consider whether videotaping the witness' testimony (with defendant watching on a closed-circuit television and communicating with counsel) and playing it back in the presence of the defendant and jury would be appropriate under the Federal and State Constitutions or our statute and evidence rules. Cf. State v. Vincent, 159 Ariz. 418, 768 P.2d 150 (1989) (where the statute expressly provides for videotaping for use at trial).