THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* MAURICE
BENIN, Defendant.

Court of General Sessions of the County of New York, April 30, 1946.

*Frank S. Hogan, District Attorney (Wyllys S. Newcomb* of
counsel), for plaintiff.

*Stanley H. Fuld* for defendant.

VALENTE, J.   The defendant herein seeks permission to
inspect the minutes of the Grand Jury that voted an indictment
against him charging him with the crime of forgery in the
second degree and grand larceny in the first degree.

One of the grounds urged by the defendant warrants com-
ment because as far as I can ascertain, it is the first time the
argument has been advanced in this court. The charge is made
that the Assistant District Attorney handling the matter,
assisted by as many as three other assistant district attorneys,

prior to the deliberations by the Grand Jury on the testimony before it, and in the absence of the stenographer and off the record, addressed the Grand Jury for about one hour concerning this case. The Assistant District Attorney, in his argument in opposition to this motion, admitted the charge and sought to justify it.

There is no warrant for such practice. The grand jury is intended to be an independent and impartial tribunal between the prosecution and the accused. This practice conflicts with this independence and impartiality since it permits the representative of the People to say anything he pleases with no opportunity for a check on either its propriety or accuracy. To rule that a defendant has no means of redress where the district attorney, for instance, presumes to pass on the credibility of witnesses or advances arguments which persuade the grand jury to indict where otherwise it may have noted no indictment, would be shocking. The Legislature could never have intended by section 952-t of the Code of Criminal Procedure to permit a practice so offensive to every concept of justice and fair dealing.

Only if a record were taken could there be an opportunity to ascertain whether the grand jury had been influenced to vote an indictment because of an erroneous or improper statement of evidence or of law.

A recording of the district attorney's statements will not result in any relaxation of the requirement that the grand jury proceedings remain secret. The argument that such a requirement would affect either the secrecy of the grand jury or its relationship with the district attorney is without merit.

It is my view that if the representative of the People sums up to a grand jury on the facts or instructs on the law as it may pertain to those facts, he should do so in the presence of the grand jury stenographer and on the record.

However, I do not choose to rest my decision on that ground. Improper though I may regard it, this practice has been carried on for years. For that reason I hesitate to rule in this case, the first wherein, so far as it appears, the action of the district attorney in addressing the grand jury off the record is, in and of itself, basis for inspection of the minutes or dismissal of the indictment.

There is sufficient presented here over and above this charge to warrant granting the relief sought.

It seems to me and I so hold that the rights of the defendant were violated, particularly when, after signing a waiver of

immunity, he was not permitted to give an uninterrupted version of the matter under investigation or to complete his testimony. The fact urged by the district attorney that one or another of the witnesses may have addressed himself to the matters concerning which the defendant says he was not permitted to testify, cannot deprive the defendant himself from testifying about them so long as such' testimony is relevant and material. I am of the opinion that some of the items about which the defendant asserts he was prevented from testifying, bore upon his defense and explanation.

In addition to this irregularity, there is a serious question in my mind as to whether the evidence submitted to the Grand Jury establishes the crimes charged in the indictment.

Accordingly, I hold that sufficient is made to appear to indicate the need for an inspection of the Grand Jury minutes as a preliminary to a further application to set aside the indictment.