146 N.J. Super. 559 (1977)
370 A.2d 482
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
ALAN SCHAMBERG, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted December 13, 1976.
Decided January 11, 1977.
*561 Before Judges CARTON, KOLE and LARNER.
Mr. Joseph C. Woodcock, Jr., Bergen County Prosecutor, attorney for plaintiff-appellant (Mr. James Mayer, Assistant Prosecutor, of counsel and on the brief).
Mr. Donald R. Conway, attorney for defendant-respondent.
The opinion of the court was delivered by LARNER, J.A.D.
This is an appeal by the State from the dismissal of an indictment for perjury committed by defendant as a witness before the grand jury. The dismissal was granted because of prosecutorial interference with the independence of the grand jury.
Defendant signed a waiver of immunity after being advised that he was a target of an investigation into the East Rutherford Sewerage Authority of which he was a commissioner. Toward the end of his testimony the assistant prosecutor asked him a series of questions pertaining to conversations with others relating to the subject matter under inquiry. He denied having had such conversations.
After his repeated denials the prosecutor stated:
Q Mr. Schamberg, I just want to tell you now that Im going to give you one last opportunity to recant the testimony you have just given.
After that you will not have any opportunity to do that. Do you understand?
A (Witness nods in the affirmative.)
Q Okay. Fine.
A Yes.
Q I have reason to believe that you have just perjured yourself and I reiterate to you that you have the right to remain silent and anything you say can be and will be used against you.
You have the right to consult with an attorney.
I want to ask you one more time if you wish to change any of the last answers you have just given.
A I don't think I lied to you.
Q So, you don't want to change any of your answers?
A I don't think so.
Q Well, this is all the time you have to think about it. Yes or no.
A No.
*562 This interchange with the witness occurred after the grand jury heard a tape recording of a conversation between the witness and another person involving the subject matter referred to in the foregoing interrogation. Subsequently the same grand jury indicted defendant for perjury arising out of his denial of having certain discussions.
Relying upon State v. Hart, 139 N.J. Super. 565 (App. Div. 1976), the trial judge concluded that the statement in the prosecutor's question to the witness, "I have reason to believe that you have just perjured yourself * * *," constituted an unwarranted interference with the independence of the grand jury.
In State v. Hart, supra, we quashed an indictment because of egregious prosecutorial impingement upon the independent function of the grand jury to deliberate, weigh the evidence and determine whether or not to indict. The significant element of that case is the fact that the prosecutor improperly offered his opinion as to the failure of the jury to return an indictment, with the result that the jury reconsidered and indicted the defendant.
We find that State v. Hart is clearly distinguishable and is not controlling on the facts herein. The remark by the prosecutor in this case was the culmination of efforts on his part to give the witness the opportunity to change his testimony and avoid the possible sanction of a perjury charge. It was not addressed to the grand jury, nor was it intended to direct the grand jury to indict. Under such circumstances, should such an unfortunate remark, not deliberate or calculated, be construed as a substantial invasion of the independence of the grand jury so as to vitiate the indictment?
The objectionable comment was not couched in terms material to the subject matter of the inquiry  namely, official corruption, just as the indictment in question was not targeted to that inquiry or the purpose for which defendant was called to testify. The indictment came about as a collateral consequence of the conflict of defendant's testimony with that previously submitted to the grand jury. And it is *563 therefore apparent that the prosecutor did not make the comment to induce the grand jury to indict but rather as a means of urging the witness to tell the truth. There is nothing before us to indicate that the prosecutor's remark to the witness played any part in the deliberation or determination of the grand jury.
Contrary to the practice in some states, our rules permit the prosecutor not only to be present before the grand jury to question witnesses, but also during deliberations to advise as to the law and its application to the facts in the case. R. 3:6-6(a). Although he should not attempt to influence or direct the grand jury in its findings, nevertheless he is not expected to limit his participation to an innocuous presentation. There is no legal bar to the use of vigorous and skillful questioning which will elicit and compel truthful responses from reluctant witnesses. See, e.g., United States v. Rintelen, 235 F. 787, 791 (S.D.N.Y. 1916).
Although we disapprove the form of comment made by the prosecutor herein, we do not consider it to be of such content or magnitude as to constitute an invasion or attempt at invasion of the grand jury's independence. The prejudicial effect of prosecutorial conduct must be judged from a different viewpoint when it occurs before a grand jury as compared with a petit jury. Improper and overreaching comments before a petit jury often result in judicial intervention through mistrials or reversals because of the court's sensitivity to the prejudicial impact of a prosecutor's comments upon the body which determines the guilt or innocence of defendant. Contrariwise, a chance remark or improper question before a grand jury does not affect the ultimate determination of the defendant's guilt and therefore should not be judged with as critical an eye. See State v. Riley, 97 N.J. Super. 542, 548 (Law Div. 1967), aff'd 101 N.J. Super. 402 (App. Div. 1968), aff'd 53 N.J. 576 (1969), cert. den. 390 U.S. 969, 88 S.Ct. 1085, 19 L.Ed.2d 1177 (1968).
*564 Unless the prosecutor's misconduct before a grand jury is extreme and clearly infringes upon the jury's decision-making function, it should not be utilized as a stepping stone to dismissal of an indictment. As has often been observed, an indictment should only be quashed on the clearest and plainest grounds. State v. Weleck, 10 N.J. 355, 364 (1952); State v. Blackman, 125 N.J. Super. 125 (App. Div. 1973); State v. Silverstein, 76 N.J. Super. 536 (App. Div. 1962), aff'd 41 N.J. 203 (1963).
Defendant refers to United States v. Wells, 163 F. 313 (D. Idaho 1908) as a precedent for his position. That case is inapposite for it concerned the validity of an indictment returned by a grand jury which was exposed to the following prosecutorial excesses:
The conduct of the district attorney before that body was the equivalent of expressing the unqualified opinion that the evidence established the guilt of the defendants; that they ought to indict them; that the department at Washington wanted them indicted, and it was therefore the duty of the grand jury under the circumstances to do so; that the defendants Martin and Pritchard, being guilty, had in their testimony purposely lapsed into forgetfulness. * * * [163 F. at 322]
In addition, the prosecutor refused to leave the jury room when requested by the grand jury and instructed the foreman to sign the indictment without discussion by the jury as a whole. Such extraordinary coercive conduct can hardly be equated with the objectionable comment in this case.
In Beck v. Washington, 369 U.S. 541, 82 S.Ct. 955, 8 L.Ed.2d 98 (1962), the court summarily dismissed a constitutional attack on an indictment grounded upon a prosecutor's conduct before the grand jury. The conduct is strikingly similar to that pointed up in the case at bar. The summary by the court is informative:
Petitioner also contends that a witness before the grand jury was improperly interrogated in a manner which prejudiced his case before that body. It appears that an employee of petitioner's union was called before the grand jury to testify in reference to activities *565 within his employment. During his first appearance he made statements which he subsequently changed on a voluntary reappearance before the grand jury some two days before the indictment was returned. On the second appearance the prosecutor attacked the witness' changed story as incredible and warned him that he was under oath, that he might be prosecuted for perjury, and that there was no occasion for him to go to jail for petitioner. The record indicates that the prosecutor became incensed over the witness' new story; and though some of his threats were out of bounds, it appears that they had no effect upon the witness whatsoever for he stuck to his story. We can find no irregularity of constitutional proportions, and we therefore reject this contention. [369 U.S. at 555, 82 S.Ct. at 963, 8 L.Ed.2d at 110.]
In United States v. Bruzgo, 373 F.2d 383 (1967), the Third Circuit, although recognizing that the comments of the prosecutor exceeded the bounds of proper conduct and deserved condemnation, nevertheless held that such conduct did not vitiate the indictment which concededly was based upon sufficient evidence.
In view of the foregoing, it is our considered opinion that the trial judge mistakenly exercised his discretion in quashing the indictment. The order is reversed and the indictment is reinstated.