175 N.J. Super. 49 (1980)
417 A.2d 573
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
ALFRED A. PORRO, JR., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued June 10, 1980.
Decided June 26, 1980.
*50 Before Judges CRANE, MILMED and KING.
James Mayer, Assistant Prosecutor, argued the cause for appellant (Roger W. Breslin, Jr., Bergen County Prosecutor, Attorney; Susan W. Sciacca, Assistant Prosecutor, of counsel).
Michael A. Querques argued the cause for respondent.
PER CURIAM.
This is an appeal by the State from an order of the Assignment Judge of Bergen County dated November 21, 1979 dismissing the indictment as it relates to Alfred A. Porro, Jr. on the ground of prosecutorial misconduct. The assignment judge found from the exhibits presented to him at the motion and the stipulations of counsel that after the indictment of defendant and another was voted on by the grand jury and returned to a judge of the Superior Court and sealed, defendant Porro was interrogated in the grand jury room by the prosecutor in response to a subpoena and under a waiver of immunity. The *51 judge further found that defendant was told before the grand jury that he was a target of the investigation and that the subject matter of the questions put to defendant went to the very substance of the indictment which had already been returned. In reliance on United States v. Doss, 563 F.2d 265 (6 Cir.1977), the judge concluded that calling defendant before the grand jury after an indictment had been voted upon and returned was repugnant to the American system of justice; that the actions of the prosecutor were blatant acts of indiscretion; that the prosecutor and the foreman of the grand jury participated in a pattern of falsity by informing defendant that he was a target rather than a defendant, and that the defendant's waiver of immunity was not an intentional and knowing waiver under the circumstances. The judge concluded that the grand jury proceedings in which defendant testified denied defendant's rights under the Fifth and Sixth Amendments of the United States Constitution. He further concluded that the harm could not be eliminated by striking defendant's testimony. Accordingly, the assignment judge dismissed the indictment.
We note initially that a substantially similar motion was presented to another judge of the Law Division in September 1976. That motion was denied and leave to appeal was subsequently denied by this court. The ruling on that motion should have been accorded the status of the "law of the case." See State v. Hale, 127 N.J. Super. 407, 411 (App.Div. 1974); State v. Bell, 89 N.J. Super. 437, 440 (App.Div. 1965). We are not persuaded, as was the assignment judge, that there were sufficient newly discovered facts and newly applicable law to justify a reargument of the identical issues. We do not rest our determination on that principle of law, however, since we are of the view that more significant principles of law require a reversal.
It is fundamental that an indictment should not be dismissed except on the clearest and plainest grounds. State v. Weleck, 10 N.J. 355, 364 (1952). However, where the action of a prosecutor takes the form of influencing the action of a grand *52 jury by means of an expression of opinion, his conduct may be found to be an impingement on the independence of the grand jury. State v. Hart, 139 N.J. Super. 565 (App.Div. 1976). In the instant case, however, the conduct of which the assignment judge disapproved could not have influenced the determination of the grand jury because it had already voted on an indictment. While concededly improper, the calling of defendant before the grand jury after the return of the indictment was not an invasion of the independence of the grand jury. See State v. Schamberg, 146 N.J. Super. 559 (App.Div. 1977), certif. den. 75 N.J. 10 (1977). We agree with the assignment judge that the conduct of the prosecutor merits disapproval. But dismissing the indictment does not correct the error; it serves only to deprive the State of an opportunity to try the issues raised by the indictment. Dismissal does more than redress the wrong done to defendant; it effectively grants him immunity from prosecution. If the assignment judge was of the view that the prosecutor's conduct was so egregious as to call for disciplinary action, he might have referred the matter to the District Ethics Committee or the Administrative Director of the Courts. See R. 1:20. Dismissal of the indictment was too drastic a remedy; suppression of the improperly elicited testimony would have been a sufficient and more appropriate remedy. State v. Vinegra, 73 N.J. 484, 487 (1977). See, also, United States v. Blue, 384 U.S. 251, 86 S.Ct. 1416, 16 L.Ed.2d 510 (1966).
United States v. Doss, above, on which defendant relies, did not hold that the indictment which had been previously voted (charging defendant with transporting counterfeit money and causing another to distribute amphetamines) must be dismissed. It held that the indictment returned after defendant testified before the grand jury charging him with perjury before the grand jury must be dismissed. Although the language employed in the Doss opinion is broad and sweeping, the holding of that case has no application to the issues in this case.
Accordingly the order dismissing the indictment is reversed.