SYLLABUS

(This syllabus is not part of the opinion of the Court.  It has been prepared by the Office of the Clerk for the convenience of the reader.  It has been neither reviewed nor approved by the Supreme Court.  Please note that, in the interest of brevity, portions of any opinion may not have been summarized.)

**State v. Amed Ingram** (A-56-16) (079079)

**Argued May 16, 2017 -- Decided August 1, 2017**

**RABNER, C.J., writing for the Court.**

Under the Criminal Justice Reform Act (CJRA), which went into effect on January 1, 2017, prosecutors can seek to detain defendants who pose a serious risk of danger, flight, or obstruction.  N.J.S.A. 2A:162-18(a)(1).  In this appeal, the Court considers the manner in which the State may present its proofs when it moves for detention.

Police officers arrested defendant Amed Ingram on January 1, 2017, at 1:08 a.m., after an officer observed him in possession of a defaced .45 caliber handgun loaded with eight rounds.  The State charged defendant in a complaint-warrant with second-degree unlawful possession of a handgun, second-degree possession of a firearm for an unlawful purpose, second-degree possession of a firearm by certain persons with a prior conviction, and fourth-degree receipt of a defaced firearm.  The affidavit of probable cause in support of the complaint generally tracks the language of the statutes under which defendant was charged and, in the space to explain how law enforcement became aware of the stated facts, the officer wrote, "officer observations."  The officer also prepared a preliminary law enforcement incident report (PLEIR), which, at the time, was incorporated into the affidavit.  The PLEIR offered these details:  that the "complaining officer" and "[a]nother law enforcement officer[] personally observed the offense"; that a handgun "was involved in the incident"; and that the officers recovered spent shell casings.  A Pretrial Services officer prepared a Public Safety Assessment (PSA).  It rated defendant 6 out of 6—the highest level—for risk of both failure to appear and new criminal activity.  The PSA also noted defendant's criminal history.

The State moved for detention and submitted the following documents:  the complaint-warrant, the affidavit of probable cause, the PSA, the PLEIR, and defendant's criminal history.  Defense counsel objected and argued that the CJRA and court rules required the State to present a live witness to establish probable cause.

The trial court rejected defendant's claims.  The court first found that the State could proceed by proffer at a detention hearing.  The court relied on the language and legislative history of the CJRA and also looked to federal law for support.  The court noted as well that judges had discretion to order witness testimony.  Next, the trial court found that the documents the State had submitted established probable cause for the offenses charged.  The court also concluded that defendant would pose a risk of danger to the community if released, and, based on clear and convincing evidence, ordered defendant detained.

Defendant appealed the order pursuant to N.J.S.A. 2A:162-18(c).  In addition to the statutory claims he raised before the trial court, defendant argued that to allow the prosecutor to proceed by proffer alone would violate his right to due process.

The Appellate Division affirmed in a thorough and well-reasoned opinion.  449 N.J. Super. 94 (App. Div. 2017).  The panel rejected defendant's due process claim and held that the State was not required to produce a live witness at a detention hearing to establish probable cause.  Id. at 101.  The court observed that procedures to determine probable cause need not "be accompanied by the full panoply of adversary safeguards."  Id. at 102 (quoting Gerstein v. Pugh, 420 U.S. 103, 119 (1975)).  The panel also drew on federal case law that construed the Bail Reform Act of 1984, 18 U.S.C.A. §§ 3141 to 3156.  The panel rejected defendant's statutory arguments as well.  Id. at 114.  The Appellate Division issued its ruling on March 1, 2017.  Two weeks later, a grand jury returned an indictment that charged defendant with four firearms offenses.

After defendant filed a motion for leave to appeal, the Attorney General superseded the Camden County Prosecutor's Office.  The Court granted defendant's motion on March 29, 2017.  ___ N.J. ___ (2017).

1

**HELD**: Neither the statute's plain language nor principles of due process require the State to present testimony from a live witness at every detention hearing. Instead, the State may proceed by proffer to try to satisfy its burden of proof and show that detention is warranted. Trial judges, however, retain discretion to require direct testimony when they are dissatisfied with the State's proffer.

1. At a detention hearing, a defendant has the right "to testify, to present witnesses, to cross-examine witnesses who appear at the hearing, and to present information by proffer or otherwise." N.J.S.A. 2A:162-19(e)(1). If a grand jury has not returned an indictment, "the prosecutor shall establish probable cause that the eligible defendant committed the predicate offense." N.J.S.A. 2A:162-19(e)(2). To decide whether detention is warranted a court may "take into account" a number of factors. N.J.S.A. 2A:162-20(a)-(f). (pp. 10-13)

2. Section 19(e)(1) grants defendants the right to "cross-examine witnesses who appear at the hearing." N.J.S.A. 2A:162-19(e)(1) (emphasis added). In Section 19(e)(1), the Legislature afforded defendants the right to cross-examine a witness who testifies at a hearing. The section does not require the State to call a witness. Section 19(e)(1) also permits a defendant "to present information by proffer." The statute is silent about whether the State may call witnesses, cross-examine witnesses, or 'otherwise' present information to the judge, all of which the Act expressly permits a defendant to do. The Court cannot conclude that the Legislature's silence either bars the State from presenting proofs in those ways or obligates it to summon a live witness. Other parts of the statute reveal that the Legislature intended for the parties to use documentary evidence at a detention hearing. (pp. 13-16)

3. Defendant claims that his right to due process requires the State to call a live witness at a pretrial detention hearing. Defendant focuses on the need for live testimony for the State to establish probable cause, not to argue for detention. As the Court observed in State v. Robinson, 229 N.J. 44, 61, 70 (2017), the CJRA, N.J.S.A. 2A:162-15 to -26, in many respects follows the federal Bail Reform Act and the District of Columbia's statutory scheme for pretrial detention, D.C. Code. §§ 23-1321 to -1333. The Federal Constitution does not require the prosecution to present live testimony to establish probable cause. Gerstein, supra, 420 U.S. at 120. The CJRA, in effect, incorporated Gerstein's mandate that a judge find probable cause as a prerequisite to detention after an arrest. The Act did not elevate the standard. Grand jury presentations can include hearsay evidence that neither the defendant nor defense counsel is present to observe, let alone cross-examine. Had a grand jury indicted defendant before the detention hearing, the State would not have needed to establish probable cause. And defendant could not have persuasively argued that the court's reliance on the indictment violated his due process rights. (pp. 16-21)

4. United States v. Salerno, 481 U.S. 739, 752 (1987), recounted the procedural protections that the federal act offers defendants and found that those "extensive safeguards" are sufficient "to repel" a constitutional challenge. The CJRA provides identical safeguards. Circuit Courts that have decided the question have concluded that the federal act allows the government to proceed by proffer at a detention hearing, subject to the judge's discretion. And in United States v. Edwards, 430 A.2d 1321 (D.C. 1981), the District of Columbia Court of Appeals found that the D.C. Code allowed both the government and the defense to present information by proffer. The Court draws guidance from precedent that interpreted a law similar to the CJRA. (pp. 21-26)

5. The traditional balancing test for due process claims does not require the State to present live testimony at every hearing. Pretrial detention significantly interferes with a defendant's liberty interest, but extensive safeguards protect that critical interest. And to require the State to present a live witness at more than 10,000 detention hearings each year would impose significant additional fiscal and administrative burdens on the court system, law enforcement officers, the prosecution, and public defenders. The trial court has discretion to require direct testimony if it is dissatisfied with the State's proffer. In those instances, the State must proceed reasonably promptly to avoid unduly prolonging a defendant's detention while the hearing is pending. (pp. 26-29)

6. It would have been within the trial court's discretion to require a witness here. The State did not establish probable cause for possession for an unlawful purpose, and the affidavit should contain sufficient information in the form of factual details, not legal conclusions, to explain how probable cause exists for each charge. (pp. 29-32)

The judgment of the Appellate Division is **AFFIRMED**.

**JUSTICES LaVECCHIA, ALBIN, PATTERSON, FERNANDEZ-VINA, SOLOMON, and TIMPONE join in CHIEF JUSTICE RABNER's opinion.**

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

        v.

AMED INGRAM,

    Defendant-Appellant.


        Argued May 16, 2017 – Decided August 1, 2017

        On appeal from the Superior Court, Appellate
        Division, whose opinion is reported at 449
        N.J. Super. 94 (App. Div. 2017).

        Joseph E. Krakora, Public Defender, argued
        the cause for appellant (Joseph E. Krakora,
        Public Defender, attorney; Laura B. Lasota,
        Assistant Deputy Public Defender, of counsel
        and on the briefs).

        Claudia Joy Demitro, Deputy Attorney
        General, argued the cause for respondent
        (Christopher S. Porrino, Attorney General of
        New Jersey, attorney; Claudia Joy Demitro,
        of counsel and on the briefs).

        Alexander R. Shalom argued the cause for
        amicus curiae American Civil Liberties Union
        of New Jersey (Edward L. Barocas, Legal
        Director, attorney; Alexander R. Shalom,
        Edward L. Barocas, and Jeanne M. LoCicero on
        the letter brief).

        John K. McNamara, Jr., Morris County
        Supervising Assistant Prosecutor, argued the
        cause for amicus curiae, County Prosecutors
        Association of New Jersey (Richard T. Burke,
        President, attorney; John K. McNamara, Jr.,
        of counsel and on the brief).

CHIEF JUSTICE RABNER delivered the opinion of the Court.

Under the Criminal Justice Reform Act (CJRA), which went into effect on January 1, 2017, prosecutors can seek to detain defendants who pose a serious risk of danger, flight, or obstruction. N.J.S.A. 2A:162-18(a)(1). In this appeal, we consider the manner in which the State may present its proofs when it moves for detention.

Before the trial court in this case, the State proffered various documents about the offense and defendant's criminal history in support of an application for detention. Defendant asserted that the State was required to call a live witness with firsthand knowledge of the offenses charged to establish probable cause.

We agree with the trial court and the Appellate Division that neither the statute's plain language nor principles of due process require the State to present testimony from a live witness at every detention hearing. Instead, the State may proceed by proffer to try to satisfy its burden of proof and show that detention is warranted. Trial judges, however, retain discretion to require direct testimony when they are dissatisfied with the State's proffer.

We therefore affirm the judgment of the Appellate Division.

I.

To recount the facts, we rely on the materials the State submitted in connection with the detention hearing in this case.

Police officers arrested defendant Amed Ingram on January 1, 2017, at 1:08 a.m., after an officer observed him in possession of a firearm: a defaced .45 caliber handgun loaded with eight rounds. The arrest took place slightly more than one hour after the CJRA went into effect.

The State charged defendant in a complaint-warrant with four offenses: second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b)(1) (Count One); second-degree possession of a firearm for an unlawful purpose, N.J.S.A. 2C:39-4(a)(1) (Count Two); second-degree possession of a firearm by certain persons with a prior conviction, N.J.S.A. 2C:39-7(b)(1) (Count Three); and fourth-degree receipt of a defaced firearm, N.J.S.A. 2C:39-9(e) (Count Four).

The affidavit of probable cause in support of the complaint contained the following facts as to each count:

*Count One: "Defendant was found to be in possession of a handgun."

*Count Two: "Defendant was found to be in possession of a handgun with no lawful purpose."

3

*Count Three: "Defendant was found to be in possession of a firearm with a prior conviction of possession of [a controlled dangerous substance] on school property[, N.J.S.A.] 2C:35-7."

*Count Four: "Defendant was found to be in possession of a defaced firearm."

The affidavit also had a space to explain how law enforcement became aware of the stated facts. In this case, the officer wrote, "officer observations."

The officer also prepared a preliminary law enforcement incident report (PLEIR), which, at the time, was incorporated into the affidavit. See State v. Robinson, 229 N.J. 44, 61, 70 (2017). The PLEIR offered these details: that the "complaining officer" and "[a]nother law enforcement officer[] personally observed the offense"; that a handgun "was involved in the incident"; and that the officers recovered spent shell casings.

A Pretrial Services officer prepared a Public Safety Assessment (PSA) that rated defendant 6 out of 6 -- the highest level -- for risk of both failure to appear and new criminal activity. The PSA also noted defendant's criminal history, which included five indictable convictions, five failures to appear, and six sentences of imprisonment. Three of the failures to appear had occurred within the past two years. At the time of the arrest, defendant also had a pending charge for

4

simple assault. The PSA recommended that defendant not be released.

The State moved for detention and submitted the following documents: the complaint-warrant, the affidavit of probable cause, the PSA, the PLEIR, and defendant's criminal history. The last document listed adult convictions as well as juvenile adjudications.

Defense counsel objected and argued that the CJRA and court rules required the State to present a live witness to establish probable cause. Counsel also advanced a number of reasons why defendant should be released on electronic monitoring and not detained.

The trial court rejected defendant's claims. The court first found that the State could proceed by proffer at a detention hearing. The court relied on the language and legislative history of the CJRA and also looked to federal law for support. The court noted as well that judges had discretion to order witness testimony.

Next, the trial court found that the documents the State had submitted established probable cause for the offenses charged. The court also concluded that defendant would pose a risk of danger to the community if released and, based on clear and convincing evidence, ordered defendant detained. The judge relied, in particular, on the PSA's recommendation against

5

release, which the court treated as prima facie evidence sufficient to overcome the presumption of release. See R. 3:4A(b)(5). The trial court also pointed to the nature of the offense, weight of the evidence, and defendant's history, including "a very serious juvenile adjudication" for which defendant was "on probation for failure to register."

Defendant appealed the order pursuant to N.J.S.A. 2A:162-18(c). In addition to the statutory claims he raised before the trial court, defendant argued that to allow the prosecutor to proceed by proffer alone would violate his right to due process. The American Civil Liberties Union of New Jersey (ACLU), which first appeared as amicus curiae in this case in the Appellate Division, also pressed a due process argument.

The Appellate Division affirmed in a thorough and well-reasoned opinion. State v. Ingram, 449 N.J. Super. 94 (App. Div. 2017). The panel rejected defendant's due process claim and held that the State was not required to produce a live witness at a detention hearing to establish probable cause. Id. at 101. The court observed that procedures to determine probable cause need not "be accompanied by the full panoply of adversary safeguards." Id. at 102 (quoting Gerstein v. Pugh, 420 U.S. 103, 119, 95 S. Ct. 854, 866, 43 L. Ed. 2d 54, 68 (1975)). The panel surveyed various court rules on probable

6

cause and noted that they "passe[d] constitutional muster."  Id. at 103.

The panel also drew on federal case law that construed the Bail Reform Act of 1984, 18 U.S.C.A. §§ 3141 to 3156.  Id. at 108.  The federal act, which the CJRA tracks in a number of ways, provides for pretrial detention, and the panel highlighted multiple federal court decisions that permit the government to proceed by proffer.  Id. at 108-11.

The panel rejected defendant's statutory arguments as well. Id. at 114.  The court pointed to language in the CJRA that allows the State to "prove grounds for detention by . . . documentary evidence alone."  Id. at 115 (citing N.J.S.A. 2A:162-20(c)(1), -20(f), & -25).  The panel also declined to draw a negative inference from the Act's silence as to whether the State may rely wholly on proffer.  Id. at 116.  In addition, the court noted certain "practical considerations that [would] arise if the State" were required to produce "a witness with particularized knowledge at every detention hearing."  Id. at 117-18.

The panel added two cautionary notes:  that a judge at a detention hearing "may exercise his or her discretion and . . . insist that the State produce a witness" to present "additional proof," id. at 116; and that a prosecutor's "reliance upon documentary proffers that provide the thinnest reeds of support

7

for probable cause" may lead a judge to exercise that discretion, id. at 118.

Finally, the panel found that the State met its burden of proof to justify pretrial detention in this case. Ibid. That issue is not before the Court.

The Appellate Division issued its ruling on March 1, 2017. Two weeks later, a grand jury in Camden County returned an indictment that charged defendant with four firearms offenses.

After defendant filed a motion for leave to appeal, the Attorney General superseded the Camden County Prosecutor's Office. We granted defendant's motion on March 29, 2017. ___ N.J. ___ (2017).

II.

A.

Defendant argues that the State must call a live witness with firsthand knowledge of the offense to establish probable cause at a detention hearing. He claims that for the State to proceed only by proffer violates the CJRA and his right to due process.

Defendant points to several parts of the statute in support of his plain language argument, which we discuss below. He also argues that due process requires the State to call a witness because pretrial detention implicates a defendant's liberty interest. Defendant contends that case law from federal Circuit

8

Courts and the District of Columbia is not instructive because it relates to proofs about grounds for detention, not probable cause. In addition, he submits that it is "common practice" in the District of Columbia for the prosecution to call a witness to establish probable cause.

Defendant also argues that the proffer in this case was insufficient. At a minimum, defendant urges, courts should require the State to present witness testimony in such instances.

The ACLU, which retained its amicus status under Rule 1:13-9(d), focuses on due process concerns and contends that a witness is required to prove probable cause. The ACLU stresses that hearsay statements that cannot be tested may not justify detention on their own. The ACLU also agrees with defendant that the State's proffer in this case was inadequate.

B.

The Attorney General urges the Court to affirm the judgment of the Appellate Division. The State first argues that allowing it to proceed by proffer at a detention hearing satisfies defendant's due process rights. The State relies in part on United States v. Salerno, 481 U.S. 739, 107 S. Ct. 2095, 95 L. Ed. 2d 697 (1987), which rejected a due process challenge to the federal Bail Reform Act. The law survived constitutional scrutiny, the State observes, even though it does not require

9

live testimony at detention hearings.  The Attorney General also challenges defendant's effort to distinguish other federal case law.  According to the State, the CJRA incorporates Gerstein's probable cause finding, which can be established by hearsay and a written proffer in a non-adversary proceeding.  The State adds that grand juries routinely rely on hearsay alone to determine probable cause.

The State also counters defendant's plain language argument and maintains that the CJRA allows it to proceed by proffer.  Finally, the State submits that to require live testimony by witnesses with firsthand knowledge at every detention hearing would impose an extraordinary burden on the criminal justice system and frustrate the aim of the statute.

We granted the motion of the County Prosecutors Association of New Jersey (CPANJ) to appear as amicus curiae.  The Association echoes the State's arguments.  Among other points, the CPANJ asserts that any discussion about whether live witness testimony is required cannot overlook the State's discovery obligation under Rule 3:4-2(c)(1)(B).

### III.

We reviewed the recent history of criminal justice reform in New Jersey and parts of the text of the CJRA, N.J.S.A. 2A:162-15 to -26, in Robinson, supra, 229 N.J. at 52-62.  Our focus now is on a single legal issue:  whether the State must

10

present a live witness at a pretrial detention hearing.  We therefore briefly recount the parts of the statute that address pretrial detention.

Section 18(a) allows a judge to detain a defendant pretrial if the State proves by clear and convincing evidence that no release conditions would reasonably assure the defendant's appearance in court, the safety of the community, or the integrity of the criminal justice process.  N.J.S.A. 2A:162-18(a).

Section 19(a) lists the circumstances in which a prosecutor may seek pretrial detention.  A prosecutor can do so when a defendant is charged with certain serious crimes including Graves Act offenses, see N.J.S.A. 2A:162-19(a)(1), (4), (5), (6), or crimes that carry a life sentence, see N.J.S.A. 2A:162-19(a)(2).  Defendant here is charged with multiple Graves Act crimes.  See N.J.S.A. 2A:162-19(a)(5) (citing N.J.S.A. 2C:43-6(c)).

A motion for detention is also permitted when a defendant has committed multiple serious crimes in the past.  See N.J.S.A. 2A:162-19(a)(3).  Finally, the State may seek detention for "any other crime for which the prosecutor believes there is a serious risk that" a defendant will not appear in court, will pose a danger to the community, or will obstruct or attempt to obstruct justice.  N.J.S.A. 2A:162-19(a)(7).

Except for certain offenses, there is a rebuttable presumption of release under the law, potentially with conditions. R. 3:4A(b)(5). A court may consider a recommendation against release in a PSA "as prima facie evidence sufficient to overcome the presumption of release." Ibid.

If a court finds probable cause that a defendant committed murder, N.J.S.A. 2C:11-3, or a crime that carries a sentence of life imprisonment, a rebuttable presumption of detention applies. N.J.S.A. 2A:162-19(b). A defendant can rebut that presumption by a preponderance of the evidence. N.J.S.A. 2A:162-19(e)(2). The prosecutor may then try to establish that detention is justified. Ibid.

A court must hold a hearing on a motion for pretrial detention no later than the defendant's first appearance or three days from the date of the motion. N.J.S.A. 2A:162-19(d)(1). A continuance of three days, on the prosecutor's motion, or five days, on the defendant's, may be granted. Ibid. The defendant is held in jail pending the hearing. N.J.S.A. 2A:162-19(d)(2).

Section 19(e) outlines various procedural safeguards. At a detention hearing, a defendant has the right to counsel or, if indigent, to court-appointed counsel. N.J.S.A. 2A:162-19(e)(1). The defendant also has the right "to testify, to present witnesses, to cross-examine witnesses who appear at the hearing,

12

and to present information by proffer or otherwise." Ibid. The rules of evidence do not apply at the hearing. Ibid.

If a grand jury has not returned an indictment at the time of a detention hearing, "the prosecutor shall establish probable cause that the eligible defendant committed the predicate offense." N.J.S.A. 2A:162-19(e)(2). Aside from certain instances, the federal Bail Reform Act does not require the government to establish probable cause at the detention hearing. See 18 U.S.C.A. § 3142(e)(1), (3).

Next, to decide whether detention is warranted -- whether any combination of conditions will reasonably guard against the risk of flight, danger, or obstruction, see N.J.S.A. 2A:162-19(c) -- a court may "take into account" a number of factors, including the following: the nature of the offense, the weight of the evidence, defendant's history and characteristics, the nature of the risk of danger and obstruction the defendant poses, and the PSA's release recommendation, N.J.S.A. 2A:162-20(a)-(f).

                              IV.

We begin with defendant's argument that the statute requires the State to present live testimony to establish probable cause at a pretrial detention hearing, and not the constitutional question. See Comm. to Recall Robert Menendez from the Office of U.S. Senator v. Wells, 204 N.J. 79, 95 (2010)

13

("[W]e strive to avoid reaching constitutional questions unless required to do so."); see also Harris v. McRae, 448 U.S. 297, 306-07, 100 S. Ct. 2671, 2683, 65 L. Ed. 2d 784, 798 (1980) ("[I]f a case may be decided on either statutory or constitutional grounds, this Court, for sound jurisprudential reasons, will inquire first into the statutory question."). Our review of the meaning of a statute is de novo. State v. Scriven, 226 N.J. 20, 33 (2016).

Here, the statute plainly afforded the State more than one basis to seek detention: sections 19(a)(5) (Graves Act offense charged) and 19(a)(7) (risk of flight, danger, or obstruction). The charges, though, did not trigger a presumption of detention. N.J.S.A. 2A:162-19(b). Instead, defendant was entitled to a rebuttable presumption of release. R. 3:4A(b)(5).

At the hearing, the State proceeded by proffer to establish probable cause and grounds for detention. It relied on the complaint-warrant, affidavit of probable cause, PSA, PLEIR, and defendant's criminal history. Defendant contends that the plain language of the statute requires more -- that it compels the State to call a live witness at a detention hearing to establish probable cause. We do not find that the CJRA, either expressly or implicitly, imposes that obligation.

Section 19(e)(1), on which defendant relies, does not compel the State to present live testimony. Instead, the

14

provision, in part, grants defendants the right to "cross-examine witnesses who appear at the hearing." N.J.S.A. 2A:162-19(e)(1) (emphasis added).

To give effect to the Legislature's intent, we look to the plain language of a statute and give the law's words their generally accepted meaning. N.J.S.A. 1:1-1; DiProspero v. Penn, 183 N.J. 477, 492 (2005). In section 19(e)(1), the Legislature afforded defendants the right to cross-examine a witness who testifies at a hearing -- no more, and no less. The section does not require the State to call a witness.

Section 19(e)(1) also permits a defendant "to present information by proffer." Defendant draws a negative inference from the statute's silence as to whether the State may also proceed by proffer. We agree with the Appellate Division that defendant's logic extends too far. The statute is also silent about "whether the State may call witnesses, cross-examine witnesses, or 'otherwise' present information to the judge, all of which the Act expressly permits a defendant to do." Ingram, supra, 449 N.J. Super. at 116. We cannot conclude that the Legislature's silence either bars the State from presenting proofs in those ways or obligates it to summon a live witness.

Other parts of the statute reveal that the Legislature intended for the parties to use documentary evidence at a detention hearing. Judges may consider a defendant's criminal

15

history and record of court appearances, N.J.S.A. 2A:162-20(c)(1), as well as the recommendations in the PSA, N.J.S.A. 2A:162-20(f).  If that information is compelling, a judge may find grounds for detention, by clear and convincing evidence, based on those documents alone.  See Ingram, supra, 449 N.J. Super. at 115.  Yet to establish that a defendant committed the predicate offense, the prosecutor is required to establish only probable cause.  N.J.S.A. 2A:162-19(e)(2).  In defendant's view, the statute requires more of the State to establish probable cause -- a live witness -- than to satisfy the higher burden of proof to show grounds for detention.  It is difficult to read the law in that way.

In sum, we do not find that the plain language of the CJRA requires the State to present a live witness to establish probable cause at a detention hearing.  We therefore turn to defendant's constitutional arguments.

V.

Defendant claims that his right to due process requires the State to call a live witness at a pretrial detention hearing. Once again, the hearing has two components:  the State must establish probable cause when there is no indictment, N.J.S.A. 2A:162-19(e)(2), and it must establish grounds for detention, N.J.S.A. 2A:162-18(a)(1).

16

Defendant focuses on the need for live testimony for the State to establish probable cause, not to argue for detention. But the two strands are linked to some extent. Defendant, in fact, highlights that "a finding of probable cause has significant consequences" at a detention hearing "not only because it is a prerequisite for detention but also because it establishes whether there is a presumption of detention or release" under section 19(b). Also, to determine whether to order detention, judges may rely on both the weight of the evidence, which can be revealed through the State's demonstration of probable cause, and more traditional factors that bear on detention -- risk of flight, danger, and obstruction. See N.J.S.A. 2A:162-20. In either case, a defendant seeks to test the facts on which the State relies to detain him.

For reasons that follow, we do not find support in the law for defendant's argument that due process requires live testimony.

A.

As the Court observed in Robinson, supra, the CJRA in many respects follows the federal Bail Reform Act of 1984, 18 U.S.C.A. §§ 3141 to 3156, and the District of Columbia's statutory scheme for pretrial detention, D.C. Code. §§ 23-1321 to -1333. 229 N.J. at 56. The Legislature considered both

17

laws, among others, when it crafted New Jersey's statute.  Pub. Hearing Before S. Law & Pub. Safety Comm., S. Con. Res. 128 2 (2014).  Therefore, we give careful consideration to federal case law that interprets the Bail Reform Act and the District of Columbia statute.  See State v. Ates, 217 N.J. 253, 269 (2014) (considering federal decisions that interpret federal wiretap statute when reviewing similar state law); see also State v. Ball, 141 N.J. 142, 156 (1995) (same re federal racketeering law).

B.

Both federal and New Jersey law require the prosecution to prove grounds for detention by clear and convincing evidence. 18 U.S.C.A. § 3142(f)(2)(B); N.J.S.A. 2A:162-15, -18(a)(1), -19(e)(3).  As noted earlier, the CJRA, unlike the Bail Reform Act, also specifically requires the prosecution to "establish probable cause that the eligible defendant committed the predicate offense" at the detention hearing.  Compare N.J.S.A. 2A:162-19(e)(2), with 18 U.S.C.A. § 3142(e)(1).

That probable cause finding is the same in detention and non-detention cases.  When a defendant is arrested, constitutional principles "require[] a judicial determination of probable cause as a prerequisite to extended restraint of liberty."  Gerstein, supra, 420 U.S. at 114, 95 S. Ct. at 863, 43 L. Ed. 2d at 65.  To make that finding, a court can rely on

18

hearsay and a written proffer in a non-adversarial setting. Id. at 120, 95 S. Ct. at 866, 43 L. Ed. 2d at 69. As the Supreme Court explained,

> adversary safeguards are not essential for the probable cause determination required by the Fourth Amendment. The sole issue is whether there is probable cause for detaining the arrested person pending further proceedings. This issue can be determined reliably without an adversary hearing. The standard is the same as that for arrest. That standard -- probable cause to believe the suspect has committed a crime -- traditionally has been decided by a magistrate in a nonadversary proceeding on hearsay and written testimony, and the Court has approved these informal modes of proof.
>
> [Ibid.]

The Federal Constitution, thus, does not require the prosecution to present live testimony to establish probable cause.

Gerstein left it to the states to design appropriate pretrial procedures that "provide a fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty, and this determination must be made by a judicial officer either before or promptly after arrest." Id. at 123-25, 95 S. Ct. at 868-69, 43 L. Ed. 2d at 71-72. Judge Messano's opinion carefully reviews New Jersey's rules of court in that regard. Ingram, supra, 449 N.J. Super. at 103-07. For the reasons he expressed, we agree that the court rules and related case law neither

19

compel the State to present live testimony nor violate due process principles. Ibid. (citing R. 3:3-1, 3:4-1, 3:4-2, 3:4-3, 3:4A; In re J.G., 151 N.J. 565, 592 (1997); In re Commitment of M.G., 331 N.J. Super. 365, 383 (App. Div. 2000)); see also Jamgochian v. State Parole Bd., 196 N.J. 222, 240 (2008) (noting that requirements of due process are flexible).

The CJRA, in effect, incorporated Gerstein's mandate that a judge find probable cause as a prerequisite to detention after an arrest. The Act did not elevate the standard.

We note as well that, under the CJRA, the State must establish probable cause only when "there is no indictment." N.J.S.A. 2A:162-19(e)(2). Grand jury presentations can include hearsay evidence that neither the defendant nor defense counsel is present to observe, let alone cross-examine. See State v. Holsten, 223 N.J. Super. 578, 585 (App. Div. 1988); State v. Schmidt, 213 N.J. Super. 576, 584 (App. Div. 1986), rev'd on other grounds, 110 N.J. 258 (1988); State v. Hart, 139 N.J. Super. 565, 567 (App. Div. 1976); see also Costello v. United States, 350 U.S. 359, 363, 76 S. Ct. 406, 408-09, 100 L. Ed. 397, 402-03 (1956).

Had a grand jury indicted defendant before the detention hearing, the State would not have needed to establish probable cause. N.J.S.A. 2A:162-19(e)(2). And defendant could not have persuasively argued that the court's reliance on the indictment

violated his due process rights.  See Ingram, supra, 449 N.J. Super. at 113.

### C.

We recently considered a due process challenge to the CJRA in Robinson.  The defendant in that case argued that due process required the State to make broad discovery available before a detention hearing.  Robinson, supra, 229 N.J. at 66.  We found that the discovery protections in the Act satisfied due process under both the Federal and State Constitutions.  Id. at 76.  To reach that conclusion, we considered the Supreme Court's decision in Salerno, supra, 481 U.S. at 741, 107 S. Ct. at 2098, 95 L. Ed. 2d at 705, which held that the federal pretrial detention act is constitutional.

Salerno recounted the procedural protections that the federal act offers defendants:  the right to counsel, to testify, and to "present information by proffer or otherwise, and cross-examine witnesses who appear at the hearing."  Id. at 751, 107 S. Ct. at 2104, 95 L. Ed. 2d at 711-12.  In addition, a judge is guided by particular factors when reviewing a detention request and must provide written findings and reasons for a decision to detain a defendant; "[t]he Government must prove its case by clear and convincing evidence"; and a defendant can seek immediate appellate review of a detention decision.  Id. at 751-52, 107 S. Ct. at 2104, 95 L. Ed. 2d at 712.  The law, however,

21

does not require testimony from a live witness at a detention hearing.

The Court found that those "extensive safeguards" are sufficient "to repel" a constitutional challenge and "far exceed what we found necessary to effect limited postarrest detention in Gerstein." Id. at 752, 107 S. Ct. at 2104, 95 L. Ed. 2d at 712. The CJRA provides identical safeguards.

Other courts have spoken more directly to the question raised in this appeal. They rejected similar challenges and permit the prosecution to proceed by proffer at a detention hearing.

In 1980, the District of Columbia Court of Appeals upheld legislation that provided for pretrial detention based on dangerousness and risk of flight. United States v. Edwards, 430 A.2d 1321, 1324 (D.C. 1981) (en banc) (interpreting District of Columbia Court Reform and Criminal Procedure Act of 1970, 84 Stat. 473), cert. denied, 455 U.S. 1022, 102 S. Ct. 1721, 72 L. Ed. 2d 141 (1982); see also D.C. Code §§ 23-1321 to -1333.

Like the CJRA, the D.C. Code provided that a defendant was entitled "to present information by proffer or otherwise, to testify, and to present witnesses," Edwards, supra, 430 A.2d at 1334 (quoting D.C. Code § 23-1322(c)(4) (1973)), but was silent

as to how the prosecution could proceed.[1]  The Edwards court found that the law allowed both the government and the defense to present information by proffer and that the rules of evidence did not apply to detention hearings.  Ibid.

As the court explained, "[t]he legislative history of the statute confirms Congress's intent that the information upon which the judicial officer makes his finding need not be sworn testimony, and that the hearing is not designed to afford defendants a discovery device."  Ibid.  As a result, the court observed, "hearsay evidence may be presented, although the court may require direct testimony if dissatisfied with a proffer." Ibid.

The Edwards court next considered defendant's due process claim.  The court relied heavily on Gerstein to dismiss an argument that "the specific procedural protections of confrontation and cross-examination . . . were constitutionally required."  Id. at 1337.  The court reasoned that "the liberty interest at stake and the function of the two proceedings" -- a preliminary hearing for probable cause under Gerstein and a detention hearing -- "are so similar as to provide no basis for

---

[1]  The CJRA mirrors the current version of the D.C. Code.  Both provide that a defendant has the right "to present witnesses, to cross-examine witnesses who appear at the hearing, and to present information by proffer or otherwise."  N.J.S.A. 2A:162-19(e)(1); D.C. Code § 23-1322(d)(4).

distinguishing them." Id. at 1338. The government, thus, "may proceed by proffer or hearsay" at both hearings. Ibid.

Defendant represents that at detention hearings in the District of Columbia, the government routinely calls a witness to testify. We are unable to comment on that practice other than to note that Edwards does not require it.

The Bail Reform Act of 1984 -- enacted three years after Edwards -- resembles the D.C. statute. See S. Comm. on the Judiciary, Bail Reform Act of 1983, S. Rep. No. 98-147 (J. Comm. Rep.) 44-45 (1983). Compare D.C. Code §§ 23-1321 to -1333, with 18 U.S.C.A. §§ 3141 to 3156. Section 3142(f) contains the same language that appears in the D.C. law and the CJRA: at a pretrial hearing, a defendant "shall be afforded an opportunity to testify, to present witnesses, to cross-examine witnesses who appear at the hearing, and to present information by proffer or otherwise." 18 U.S.C.A. § 3142(f)(2)(B).

Circuit Courts that have decided the question have concluded that the federal act allows the government to proceed by proffer at a detention hearing, subject to the judge's discretion. See United States v. Stone, 608 F.3d 939, 948-49 (6th Cir. 2010); United States v. El-Hage, 213 F.3d 74, 82 (2d Cir. 2000); United States v. Smith, 79 F.3d 1208, 1209-10 (D.C. Cir. 1996); United States v. Gaviria, 828 F.2d 667, 669 (11th Cir. 1987); United States v. Winsor, 785 F.2d 755, 756 (9th Cir.

24

1986) (per curiam); United States v. Acevedo-Ramos, 755 F.2d 203, 207-08 (1st Cir. 1985).

Although the Third Circuit, in dicta, expressed concern about whether judges may rely on a proffer, United States v. Suppa, 799 F.2d 115, 118 (3d Cir. 1986), no decision since has concluded that the government must present live testimony at every detention hearing. In fact, courts have relied on a prior opinion, United States v. Delker, 757 F.2d 1390, 1395-96 (3d Cir. 1985), to recognize the government's ability to proceed by proffer. See, e.g., United States v. Schenberger, 498 F. Supp. 2d 738, 739 n.2 (D.N.J. 2007) ("As was its right the government proceeded by proffer at the detention hearing."); United States v. Abdullahu, 488 F. Supp. 2d 433, 436 (D.N.J. 2007) (same).

To distinguish federal case law, defendant submits that the cited cases largely addressed whether a proffer was sufficient to establish grounds for detention, not probable cause. He contends that probable cause was not an issue in those cases because the defendants had already been indicted or the crimes did not trigger a rebuttable presumption of detention under federal law. See 18 U.S.C.A. § 3142(e)(3).

But in the seminal Edwards case, the defendant had been charged but not indicted for armed rape, which formed the basis for the government's detention application. Edwards, supra, 430 A.2d at 1324 (citing D.C. Code § 23-1322(a)(1) (1973)). In any

25

event, the defendant was entitled to a determination of probable cause soon after his arrest under Gerstein, supra, "as a prerequisite to extended restraint of liberty," 420 U.S. at 114, 95 S. Ct. at 863, 43 L. Ed. 2d at 65 -- even though that determination was made apart from the D.C. detention statute. The same is true for defendants under the federal Bail Reform Act. Like the Appellate Division, we thus draw guidance from federal precedent that interpreted a law similar to the CJRA. See Ingram, supra, 449 N.J. Super. at 108-13.

We note, as well, that a pretrial detention hearing at which the State must demonstrate probable cause is not a final adjudication of contested facts or the merits of a charge. See id. at 111-12 (discussing standards for commitment hearings under Sexually Violent Predator Act and probation violation hearings).

### D.

Because we rely on persuasive case law, including principles from Gerstein, Salerno, and Edwards, it is not necessary to analyze defendant's due process claim in depth under the traditional balancing test from Mathews v. Eldridge, 424 U.S. 319, 335, 96 S. Ct. 893, 903, 47 L. Ed. 2d 18, 33 (1976). We considered the test in Robinson, supra, in the context of the State's discovery obligations. 229 N.J. at 75-76. We address the standard only briefly now and conclude that

it does not require the State to present live testimony at every detention hearing.

The Mathews standard consists of three factors: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Mathews, supra, 424 U.S. at 335, 96 S. Ct. at 903, 47 L. Ed. 2d at 33.

Pretrial detention, of course, "significantly interferes with a defendant's liberty interest." Robinson, supra, 229 N.J. at 76. We have already considered -- in this opinion and in Robinson -- the extensive safeguards that protect that critical interest. Ibid. (citing Salerno, supra, 481 U.S. at 751-52, 107 S. Ct. at 2104, 95 L. Ed. 2d at 711-12). We note again that constitutional principles allow the government to establish probable cause at a preliminary hearing without calling a witness with firsthand knowledge.

The CJRA also affords defendants other means to contest the State's proofs at a detention hearing. For example, defendants themselves can present witnesses and proffer information. N.J.S.A. 2A:162-19(e)(1). Defendants also have the benefit of

discovery under Rule 3:4-2(c)(1), which is broader than what federal law requires.  See Robinson, supra, 229 N.J. at 61.

The third factor raises multiple concerns:  the State's strong interest to promote public safety, protect witnesses, and ensure that defendants appear in court, as well as related practical considerations.  According to the Administrative Office of the Courts, the State moved for detention in 7824 cases in the first half of 2017.  New Jersey Courts, Criminal Justice Reform Statistical Reports 3 (June 30, 2017), http://www.njcourts.gov/courts/assets/criminal /cjrsummaryrpts.pdf.  Courts held hearings in 5548 of those cases, and 2276 motions were withdrawn or dismissed.  Ibid.  To require the State to present a live witness at more than 10,000 detention hearings each year would impose significant additional "fiscal and administrative burdens" on the court system, law enforcement officers, the prosecution, and public defenders.  In short, the third factor weighs against defendant.

As then-Judge Breyer observed in Acevedo-Ramos, supra, a court can balance the "competing demands of speed and reliability, by selectively insisting upon the production of the underlying evidence or evidentiary sources where their accuracy is in question."  755 F.2d at 207.

We find that the State is not obligated to call a live witness at each detention hearing. To be clear, though, we repeat that the trial court has discretion to require direct testimony if it is dissatisfied with the State's proffer. See Edwards, supra, 430 A.2d at 1334. In those instances, the State must proceed reasonably promptly to avoid unduly prolonging a defendant's detention while the hearing is pending. That approach conforms to the tight time deadlines the CJRA imposes once a prosecutor applies for pretrial detention. N.J.S.A. 2A:162-19(d)(1).

VI.

Because a grand jury indicted defendant after the detention hearing in this case, the adequacy of the proffer at the hearing is now an academic question. But we find that it would have been within the trial court's discretion to require the State to call a witness for two reasons.

First, the State's presentation did not establish probable cause for Count Two in the complaint. That count charges that defendant "possess[ed] a firearm with a purpose to use it unlawfully against the person or property of another," in violation of N.J.S.A. 2C:39-4(a)(1). By its own terms, the statute requires proof that (1) the object was a firearm; (2) defendant possessed it; (3) defendant's purpose was to use the

29

firearm against the person or property of another; and (4) defendant intended to use the firearm in an unlawful manner. Ibid.; State v. Brims, 168 N.J. 297, 303 (2001).

To demonstrate probable cause, the State must show the police had a "well grounded suspicion that a crime ha[d] been . . . committed," and that the defendant committed the offense. State v. Gibson, 218 N.J. 277, 292 (2014) (quoting State v. Sullivan, 169 N.J. 204, 211 (2001)). That showing calls for "more than a mere suspicion of guilt," ibid. (quoting State v. Basil, 202 N.J. 570, 585 (2010)), but "less evidence than is needed to convict at trial," State v. Brown, 205 N.J. 133, 144 (2011).

Here, the affidavit of probable cause and PLEIR state that two officers observed defendant in possession of a handgun "with no lawful purpose" and recovered spent shell casings. Those statements reveal little about the third and fourth elements of the offense: defendant's purpose to use the handgun against another and his intent to use the weapon unlawfully. The documents do not contain enough information to demonstrate probable cause for the charge.[2]

---

[2] We note that the charging language in the complaint-warrant states that the handgun "was illegally discharged on the 3400 block of Cramer St." No statements in the affidavit or PLEIR offer support for that allegation.

30

Second, the assertions in the affidavit and the PLEIR in this case generally track the statutory language and add only that "[t]he complaining officer" and "[a]nother law enforcement officer[] personally observed the offense."

We remind the State that the better practice to establish probable cause is to provide a narrative statement of facts in the affidavit and identify the basis for the officer's knowledge.  The affidavit should do more than merely recite statutory language.  It should contain sufficient information in the form of factual details, not legal conclusions, to explain how probable cause exists for each charge.

That said, officers do not have to follow a mathematical formula.  Since January 1, 2017, they have been required to complete an electronic "Affidavit of Probable Cause" form in each case.  The form asks for two things:  (1) a "[d]escription of relevant facts and circumstances" that show "the offense[] was committed <u>and</u> . . . the defendant is the one who committed it"; and (2) how the officer became "aware of [those] facts . . . (includ[ing] but not limited to . . . observations, statements of eyewitnesses, defendant's admission, etc.)."  The responses to those questions, of course, will depend on the circumstances of each case.

We recognize that the arrest in this case was one of the first to take place after the CJRA went into effect; law

31

enforcement arrested defendant on January 1, 2017, at 1:08 a.m. We also do not suggest that the officer in any way attempted to withhold information.  In fact, he prepared an incident report within hours of the arrest, which contains a three-paragraph, narrative description of what he observed.  The State disclosed that report after the detention hearing.

Robinson and the current version of Rule 3:4-2 make clear that the prosecution must disclose such reports before the hearing.  See Robinson, supra, 229 N.J. at 70; R. 3:4-2(c)(1). Post-Robinson, then, defendants learn more details about the charged offenses from the discovery they receive.  Both sides may proffer an incident report at the detention hearing, and the trial court on its own can ask to review the report as well.

## VII.

For the reasons set forth above, we affirm the judgment of the Appellate Division.


JUSTICES LaVECCHIA, ALBIN, PATTERSON, FERNANDEZ-VINA, SOLOMON, and TIMPONE join in CHIEF JUSTICE RABNER's opinion.