# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0634-19T6

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

MARKELL B. PIERRE,

    Defendant-Respondent.

_____

Argued February 11, 2020 – Decided March 2, 2020

Before Judges Fisher and Gilson.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Complaint No. W-2019-002789-2004.

Michele C. Buckley, Special Deputy Attorney General/Acting Assistant Prosecutor, argued the cause for appellant (Lyndsay V. Ruotolo, Acting Union County Prosecutor, attorney; Michele C. Buckley, of counsel and on the brief).

Lucy Gray-Stack, Designated Counsel, argued the cause for respondent (Joseph E. Krakora, Public Defender, attorney; Lucy Gray-Stack, on the brief).

PER CURIAM

At the conclusion of a pretrial detention hearing, the trial judge found the State failed to demonstrate probable cause because a video, which captured some of the moments before and about the time of defendant's arrest, convinced her that the arresting officer's affidavit was untrustworthy. Consequently, the judge both denied the State's motion to detain and dismissed the charges without prejudice. We vacate the dismissal order and remand for further proceedings because the State was not permitted to present any arguments about the admissibility or significance of the video.

Defendant was arrested on September 19, 2019, and charged with disorderly-persons resisting arrest, N.J.S.A. 2C:29-2(a)(1), and fourth-degree criminal mischief, N.J.S.A. 2C:17-3(a)(1). The next day, the State moved for pretrial detention.

To establish probable cause at the detention hearing, the State relied only on the affidavit of Detective A. Gonzalez, who recounted that he and other members of the narcotics bureau were operating in a particular area near Jefferson Park in Elizabeth when they determined to arrest S.D. According to Gonzalez, two other individuals – defendant and Valentino Pierre – "began to approach" the officers arresting S.D., and as defendant and Valentino Pierre

A-0634-19T6

approached my partners, I attempted to grab hold of [defendant's] arm while advising him that he was being placed under arrest. [Defendant] responded by taking the cellphone from Valentino's hand and attempting to pull away from me. I then proceeded to take [defendant] down to the ground with a leg sweep to effectuate the arrest. [Defendant] then attempted to push off the ground to avoid being placed in handcuffs, at which time, I applied a compliance hold while retrieving my handcuffs from my belt. I was able to keep [defendant] down on the ground and subsequently placed him under arrest.

Gonzalez also claimed that while escorting defendant to a patrol vehicle, he "attempted to pull away from me in a possible attempt to flee," and that, "[w]hile attempting to gain full control" of defendant, "both he and I slammed into [a] patrol vehicle . . . causing a large dent to the rear passenger side door." Once inside the vehicle, according to Gonzalez, defendant "continued his erratic behavior by yelling profanities and repeatedly kicking the interior plastic paneling of the vehicle's door causing additional dents." This affidavit was all that the State provided to the court to demonstrate probable cause.

In response, defendant provided a video captured by a mobile phone. The video was viewed in chambers by the judge in the presence of all counsel, but it was never admitted in evidence. Nor was the video played in open court; instead, the judge described on the record what the video depicted. At our request, the State provided a copy of the video, which we have reviewed.

3

According to the judge, the video showed Valentino Pierre and defendant

> walking in Jefferson Park, down a path, to get a better
> view of [S.D.'s] arrest. They stay[ed] on the far side of
> the path away from the arresting officers as they filmed.
> At one point you hear a man's voice, presumably one of
> the Pierre brothers due to its proximity, say to others in
> the park, "get off the sidewalk, get off the sidewalk so
> they don't say we on the sidewalk."

According to the judge, as the video recording continued capturing S.D.'s arrest, "you hear a man's voice coming from a distance and to the left of the video saying, 'you want to record me?'" With that the camera "pan[ned] left" and the video "show[ed] Det. Gonzalez, dressed in plain clothes, walking quickly toward the brothers, while grabbing his handcuffs from his belt holster, and again saying 'you want to record me?'" The judge then describes the remainder of the recording as evidencing "an immediate tussle to the ground" and "someone say[ing] 'save my phone,'" followed by "a guttural thumping noise" before the video ends.

In comparing all this material, the judge concluded that Gonzalez's affidavit contained contradictions, misstatements and omissions:

> To begin, it is clear that defendant's arrest was sparked
> by the videoing of [S.D.'s] arrest, and not "the duo"
> approaching the officers, as alleged in the affidavit.
> This court also finds that the detective, already having
> retrieved the handcuffs with his left hand, immediately
> grabbed defendant and took him to the ground. At no

4

A-0634-19T6

time prior to or during the grabbing and take down of defendant, did Det. Gonzalez advise defendant that he was under arrest, as set forth in the affidavit. The video also contradicts the affiant's explanation of need for the "compliance hold while retrieving my handcuffs from my belt," since we know the handcuffs are in Det. Gonzale[z]'s hand before the take down.

Quoting Franks v. Delaware, 438 U.S. 154, 168 (1978), the judge held that the probable cause requirement "would be reduced to a nullity if a police officer was able to use deliberately falsified allegations." The judge found that the affidavit's "misstatements and omissions" were material and were made either intentionally or with reckless disregard for the truth. She determined that the affidavit was untrustworthy and, therefore, concluded the State failed to establish probable cause. With that determination, the judge entered orders that both denied detention and dismissed the charges without prejudice.

The State moved for leave to appeal and filed a notice of appeal. Finding finality had been achieved, we dismissed the motion for leave to appeal as moot and accelerated the State's appeal of both the order denying detention and the order dismissing the charges without prejudice. Our disposition of this appeal in both respects requires that we focus on the judge's finding that probable cause was absent.

A-0634-19T6

The Criminal Justice Reform Act, N.J.S.A. 2A:162-15 to -26, declares that "in a pretrial detention proceeding for which there is no indictment" – as here – "the prosecution shall establish probable cause that the eligible defendant committed the predicate offense." N.J.S.A. 2A:162-19(e)(2). What constitutes probable cause remains the same regardless of the setting in which that question arises. State v. Ingram, 230 N.J. 190, 206 (2017).

At the detention hearing, the State offered Gonzalez's affidavit to demonstrate probable cause for the charges and for defendant's detention. The defense responded with a video. After considering these materials, the judge found an absence of probable cause to either extend the restraint on defendant's liberty or for the charges. If that was all there was for us to consider, we would defer to the judge's weighing of the parties' submissions, even though we too can read the affidavit and watch the video. See State v. S.S., 229 N.J. 360, 379 (2017) (holding that "a standard of deference to a trial court's factfindings, even factfindings based solely on video or documentary evidence, best advances the interests of justice in a judicial system that assigns different roles to trial courts and appellate courts").

But the record also reveals that the trial judge may have foreclosed the prosecutor from responding to what the video revealed or to provide other

6

evidence in response. After the judge read into the record Gonzalez's affidavit, she then asked the assistant prosecutor to "enlighten me on that [for] probable cause purposes," and the following then occurred:

> [THE ASSISTANT PROSECUTOR]: Your Honor, the – the charges in this matter are based on the detective's observations and – and direct involvement, exchange with the – with the defendant. The video we watched does not show the full sequence of events nor does it really show the detective's –
>
> THE COURT: Counsel, I'm sorry, I – I'm going to stop you. Because I understand your position and I don't want to interrupt you and – but I'm going to for everybody's sake.

The judge then explained why she found the affidavit untrustworthy in light of what the video showed.[1]

After the judge explained her ruling, the assistant prosecutor explained that it was his "first time seeing" the video[2] and began to request a copy when he was again interrupted:

---

[1] The judge later amplified her oral decision with a written decision from which we quoted earlier in this opinion.

[2] As noted, the video was played in the judge's chambers in the presence of counsel. We recognize that detention hearings are abbreviated matters at which the rules of evidence are not strictly controlling, but we do suggest that the video should have been played again in open court when the proceeding was on the record. The video should also have been marked as an exhibit so there would

[ASSISTANT PROSECUTOR]: And I have requested a –

THE COURT: And I'm not going –

[ASSISTANT PROSECUTOR]: – copy of it.

THE COURT: – to make you sit here and make an argument, because I made the argument. And because anything you say really wouldn't change this [c]ourt's mind, based on what I saw on that – on that video.

In appealing, the State chiefly argues that the judge could not make a credibility finding contrary to the State's interests without a hearing at which testimony is taken. We reject that position. If the State chooses not to call a witness in seeking a probable cause finding, then it cannot later complain when the judge finds that information insufficient or unworthy of belief.

Our concern is with the State's argument that the judge prevented the prosecutor from arguing about the admissibility or significance of the video or presenting whatever it was that he was barred from expressing. Due process includes the right to be heard, State v. Garthe, 145 N.J. 1, 8 (1996), a right belonging to all parties with an interest in the proceedings, State v. LaResca, 267 N.J. Super. 411, 420 (App. Div. 1993), including the prosecutor. The record

---

be no doubt, on appeal, about what it was that the trial judge viewed, although there is no dispute about that here.

establishes that the prosecutor was not given a chance to speak but instead was cut off by the judge each time he attempted to respond to what defendant had offered.  We neither express nor intimate any view of whether probable cause does or does not exist.

Simple fairness requires that we vacate the dismissal order and remand for further proceedings in conformity with this opinion.  If, at the conclusion of those additional proceedings, the court should find probable cause for the charges, then the court may reconsider the denial of the State's motion to detain defendant.

The order of dismissal is vacated and the matter remanded for further proceedings.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9                                                                    A-0634-19T6